IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROSALVA ROMERO<br>Plaintiff,<br>v.<br><br>STATE FARM LLOYDS<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

NOW COMES Defendant **STATE FARM LLOYDS** ("State Farm") files this Notice of Removal.

### I.
### PROCEDURAL BACKGROUND

1. Plaintiff ROSALVA ROMERO filed this action on July 24, 2023, against State Farm Lloyds, in the 370TH Judicial District Court of Hidalgo County, Texas. That case was docketed under cause number C-2947-23-G (the "State Court Action").

2. State Farm was served with process on July 29, 2023.

3. State Farm timely filed its Original Answer on August 18, 2023.

4. State Farm timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 370th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division.

### II.
### NATURE OF THE SUIT

5. This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Plaintiff's insurance claim. Plaintiff's claim is for property damages allegedly sustained to her residential property as the result of storm damage on or about July 25, 2020. *See* Plaintiff's Original Petition at ¶ 6-12.

6.      The Original Petition asserts causes of action against Defendant State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing. *See* Plaintiff's Original Petition at ¶¶ 13-35.  Plaintiff seeks thirteen different categories of damages, including actual damages, mental anguish damages, exemplary damages, treble damages, attorney's fees, and prompt payment interest.  *Id.* at Prayer.

### III.
### BASIS FOR REMOVAL

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

8.      At the time the State Court Action was commenced, Plaintiff was and still is resident and citizen of Texas.  *See* Plaintiff's Original Petition at ¶ 3.

9.      Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

### *Amount in Controversy*

10.     The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary

judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). The removing party bears the initial burden of showing that federal jurisdiction exists. *E.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020). When the removing party carries its burden, the party resisting removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold." *Id.* at 1113.

11.     Where, as here, it is not apparent on the face of the petition whether the amount in controversy exceeds $75,000, the removing party can establish the amount in controversy requirement through factual allegations that are sufficient to demonstrate the requisite jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Courts within the Fifth Circuit "routinely consider presuit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018).

12.     On February 4, 2021, Plaintiff sent State Farm a demand for $31,507.07 in economic damages. In her petition, Plaintiff seeks treble damages for "knowing" conduct. *See* Original Petition at ¶ 31. $31,507.00 times three is $94,521.00.

13.     Additionally, Plaintiff cannot show – to a legal certainty – that her recovery will not exceed $75,000. In her Original Petition, Plaintiff states she seeks "monetary relief of $250,000.00 or less." *See* Plaintiff's Original Petition at ¶ 2. Although this statement complies with Rule 47 of the Texas Rules of Civil Procedure, the statement does not indicate that the amount in controversy is below $75,000 and, in fact, "Rule 47 prohibits claimants from pleading specific amounts." *Yado v. Palomar Specialty Ins. Co.,* No. 7:17-CV-00083, 2017 WL 7735159, at *3 (S.D. Tex. May 11, 2017).

14.     Moreover, Plaintiff did not file a binding stipulation or affidavit with her petition and therefore did not attempt to limit her recovery to less than $75,000, exclusive of interest and costs.

15. Based on the foregoing, the amount in controversy threshold is met in this case.

## IV.
## REMOVAL IS PROCEDURALLY CORRECT

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm was served with process on July 29, 2023.

17. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

18. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1-A through 1-D).

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of the 370th Judicial District Court of Hidalgo County, Texas.

20. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## V.
## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
ecantu@ramonworthington.com
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Phone: (956) 294-4800
Facsimile: 956-928-9564
Electronic Service to:
efile@ramonworthington.com

ATTORNEY IN CHARGE FOR DEFENDANT

**Of Counsel:**

Sofia A. Ramón
Fed. ID No. 20871/State Bar No. 00784811
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
Dania Z. Sadi
Fed. ID No. 3822717/State Bar No. 24125395
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800 – Telephone
(956) 928-9564 – Fax

**Electronic Service to:**
**efile@ramonworthington.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2023, a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Cristobal Galindo
Cristobal M. Galindo, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
hurricane@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

                                                  */s/ Elizabeth Sandoval Cantu*
                                                  Elizabeth Sandoval Cantu